Farrell *v.* Delaware County, Appellant.

Argued January 10, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John F. Cramp,* Solicitor, for County of Delaware, appellant.

*William A. Welsh,* for intervenors, appellants.

*Donald J. Orlowsky,* with him *Walter T. ReDavid,* and *ReDavid, Sparks, Orlowsky & Maffei,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 17, 1964:

On March 10, 1961, the Commissioners of Delaware County, Pennsylvania, through the affirmative votes of two members, Albert H. Swing and William A. Welsh, passed a resolution, fixing the commissions or compensation to be paid tax collectors beginning January 1, 1962, for collecting county and institutional district taxes.

On said date, Swing was not only a duly elected county commissioner, but was also serving an incumbent term as tax collector for Radnor Township, in said county, which term expired in January 1962. The resolution did not attempt to fix the rate of compensation paid to Swing in his capacity as tax collector for the term in which he was then serving. On March 13, 1961, three days subsequent to the passage of the resolution, Swing became a legal candidate for re-election to the office of tax collector.[1]

On October 17, 1961, John H. Farrell, a nominated candidate for the office of tax collector of Upper Darby Township, Delaware County,[2] instituted this action in equity seeking an injunction prohibiting and restraining enforcement of the resolution hereinbefore described, and seeking restoration of the rate of commissions in effect and paid tax collectors prior to its passage. The defendant, the County of Delaware, filed an answer and the matter came on for hearing before the court. A decree was subsequently entered ruling that the resolution was illegal and of no effect because Swing, as of the date of its passage, "had every intention of campaigning and running for the office of tax

---

[1] Swing was re-elected for a new four-year term commencing January 1962.

[2] Farrell was subsequently elected.

collector for a new four-year term, commencing January 1962," and was, therefore, disqualified to vote thereon, because of an existing personal and pecuniary interest. The rate of compensation paid tax collectors for collection of county and institutional district taxes in effect prior to the passage of the resolution was restored.

On March 21, 1963, the defendant, County of Delaware, filed a timely appeal to this Court from the lower court's decree. On December 17, 1963, a new Board of Commissioners of Delaware County,[3] despite the questionable correctness of the lower court's decree and the substantial amount of public tax dollars involved, by majority vote, directed the county solicitor to withdraw and discontinue the appeal. No reason for this strange action appears of record.

On December 17, 1963, William A. Welsh, a Delaware County Commissioner, who voted against the discontinuance of the appeal, joined by his wife, Anne T. Welsh, as residents and taxpayers of Delaware County, filed with this Court a petition asking leave to intervene as party defendants on their own behalf and other taxpayers in the county. A supplemental petition elaborating on the facts and important questions involved was subsequently filed. On December 26, 1963, this Court granted the intervention.

On December 20, 1963, the solicitor for the County of Delaware, as directed by his superiors, filed with this Court a praecipe for discontinuance of the appeal. As of that date, the issue was listed for argument before this Court at a session beginning January 6, 1964. Also, as of that date, the county defendant had already completed the printing of its brief and record in the case in preparation for prosecution of the ap-

---

[3] Swing was no longer a county commissioner.

peal, at an expenditure of public funds in the amount of $3762.46. When the praecipe for discontinuance was filed, this Court entered the following order: "Praecipe to be argued at time of oral argument on the merits."

When the case was called for argument on January 10, 1964, the county failed to participate therein. The Court permitted Welsh to appear and personally argue in support of the appeal, asking reversal of the lower court's decree.

When this Court entered the order permitting the taxpayers' intervention, it did so in the public interest. It now appears, however, that this order was erroneously entered without authority in law. The Court acted under the misconception that the Court's permission was required to render the withdrawal and discontinuance of the appeal effective. However, under Rule No. 21 of this Court, an appellant may discontinue an appeal as to all appellees *as of course at any time prior to argument*. It is only *after* argument that leave of court is required.

Therefore, when the praecipe for discontinuance was filed on December 20, 1963, it was effective immediately as of course. On December 26, 1963, when the order permitting intervention was entered, the matter was no longer before this Court. There was then no action pending in which to intervene.

In view of the above, it is unnecessary to discuss or resolve the question of the legal authority of the Welshs to intervene in the action, particularly at a time subsequent to the entry of the final adjudication in the lower court.

Therefore, the order of December 26, 1963, permitting intervention is revoked, and the petition requesting leave to intervene is dismissed. Each party to pay own costs.

CONCURRING OPINION BY MR. JUSTICE COHEN:

I agree with the disposition of this proceeding for the reasons set forth in the majority opinion, but I must confess that I find the action of the two county commissioners responsible for withdrawal of the appeal—after so much effort and money was spent in its preparation—inexplicable. This is particularly true since the action of the lower court is not only of "questionable correctness" but is most deleterious to the welfare of the county which the commissioners should be alert to protect. Undoubtedly, the commissioners who made this decision to permit the decree of a lower court to stand unappealed may well have exposed themselves to the possibility of a surcharge. Nevertheless, it is clear that a party may withdraw and the conclusion of the majority opinion is correct.

———

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

This appeal raised several highly important questions. One of these involved the validity of a Resolution of the County Commissioners which authorized allegedly enormously increased fees to tax collectors—one of whom was one of the three County Commissioners—with consequent substantial loss to the County. The lower Court held that the Resolution was illegal, whereupon the County appealed. The record and the brief in this appeal cost the County approximately $3,500. Shortly before oral argument the County Commissioners by a vote of 2 to 1 voted to withdraw the appeal. Thereupon the minority commissioner and his wife, in the capacity of Taxpayers, filed a petition for leave to intervene in this Court.

There are exceptions to nearly every rule. The protection of the public interest requires that the appeal should be heard and decided on the merits and consequently supports and requires the allowance of intervention and the disallowance of the discontinuance of this appeal.